IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JACKIE AARON LEE PRATCHER, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>OFFICER C. JOHNSON,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:25-cv-03283-TRJ |

## ORDER

On July 14, 2025, Officer Christopher Johnson filed a motion to dismiss Plaintiffs' complaint for failure to state a claim and based on qualified immunity. (Doc. 5). Upon review and consideration, Officer Johnson's motion is **GRANTED IN PART and DENIED IN PART**.

### BACKGROUND

On May 12, 2025, Plaintiff Jackie Aaron Lee Pratcher was driving—and Plaintiffs Shayla and Jayla Pratcher were passengers in—a vehicle that was not registered in the Georgia Department of Revenue's commercial vehicle system. (Doc. 1 at 2). Plaintiffs allege the vehicle displayed a "valid trust plate and was not subject to state commercial jurisdiction." (*Id.*) Officer Johnson stopped Plaintiffs' vehicle in Kennesaw, Georgia, ordered Plaintiffs to exit the vehicle, and conducted warrantless searches of Shayla and Jayla Pratcher. (*Id.*) Officer Johnson removed and retained the "private trust-issued vehicle tag" during the stop. (*Id.*)

Officer Johnson issued three driving citations to Jackie Pratcher: one for

making an improper turn in the wrong lane in violation of O.C.G.A. § 40-6-120, one

for driving with a suspended registration as of September 21, 2023 in violation of

O.C.G.A. § 40-6-15, and one for removing or affixing tags to conceal identification of

the vehicle in violation of O.C.G.A. § 40-2-5.[1] (Doc. 1 at 13–14). Officer Johnson then

detained and transported Jackie Pratcher to Cobb County Jail. (*Id.* at 3). In their

complaint, Plaintiffs allege that all of Officer Johnson's actions were constitutionally

invalid and without legal justification. (*Id.* at 2).

On June 11, 2025, Plaintiffs sued Officer Johnson in his individual capacity for

violating the Fourth and Fourteenth Amendments, alleging claims for unlawful stop,

unlawful search of occupants, false arrest and detention, and equal protection and

due process violations. (*Id.* at 3). On July 14, 2025, Officer Johnson moved to dismiss

Plaintiffs' complaint, arguing that they have failed to state a claim and that he is

entitled to qualified immunity. (Doc. 5).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed

only where it appears that the facts alleged fail to state a "plausible" claim for relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); FED. R. CIV. P. 12(b)(6). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

---

[1] The Court may consider the traffic citations (attached to Plaintiffs' complaint) because their authenticity is not disputed, and they are central to Plaintiffs' claims. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Jackson v. City of Atlanta, Ga.*, 97 F.4th 1343, 1354 (11th Cir. 2024) (explaining that extrinsic material that is referred to in the complaint may be considered by the court on a motion to dismiss if the attached material is (1) central to the plaintiff's claim, and (2) the authenticity of the document is not challenged) (citation omitted).

the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, a claim will survive a motion to dismiss if the factual allegations in the pleading are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, at the motion to dismiss stage, "all well pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (citation omitted). Courts are not required, however, to accept as true legal conclusions "couched" as factual allegations. *Twombly*, 550 U.S. at 555 (citation omitted).

DISCUSSION

In his motion, Officer Johnson argues that Plaintiffs' claims are subject to dismissal because they fail to state a claim and are barred by qualified immunity. (Doc. 5). In their response, Plaintiffs maintain that their claims are sufficiently pleaded, and that no immunity defenses apply. (Doc. 6).

## A. Qualified Immunity[2]

"When defending against a § 1983 claim . . . a government official may assert

---

[2] Though Plaintiffs allege Jackie Pratcher was unlawfully detained in violation of both the Fourth and Fourteenth Amendments, this claim is only properly alleged under the Fourth Amendment. *White v. City of Atlanta*, No. 1:08-cv-03584-CC, 2011 WL 13176144, at *5 (N.D. Ga. Mar. 28, 2011) (concluding that "Plaintiff's allegation that he was unlawfully seized" was properly analyzed under the Fourth Amendment rather than the Fourteenth Amendment) (citing *Graham v. Conner*, 490 U.S. 386 (1989)); *see also Huston v. Felder*, No. 5:07-183-JMH, 2008 WL 4186893, at *4 (E.D. Ky. Sep. 10, 2008) (dismissing § 1983 claim alleging violation of the Fourteenth Amendment based on an unreasonable seizure because the Fourth Amendment governs the claim instead).

the defense of qualified immunity." *Alston v. City of Darien*, 750 F. App'x 825, 831 (11th Cir. 2018) (citation modified). "Qualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009) (citation modified). The defense of "qualified immunity allows officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Maughon v. City of Covington*, 505 F. App'x 818, 820 (11th Cir. 2013) (citation modified); *McCullough*, 559 F.3d at 1205 ("The purpose of qualified immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability."). Notably, "questions of qualified immunity must be resolved at the earliest possible stage in litigation." *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th Cir. 2003) ("It is . . . appropriate for a district court to grant the defense of qualified immunity at the motion to dismiss stage [if the plaintiff] fails to allege the violation of a clearly established constitutional right." (citation modified)).

To receive qualified immunity, the official must first establish "that he or she acted within the scope of discretionary authority when the allegedly wrongful acts occurred." *Hardigree v. Lofton*, 992 F.3d 1216, 1223 (11th Cir. 2021) (citation omitted). If the official was acting within the scope of his discretionary authority, "the burden then shifts to the plaintiff to show that . . . qualified immunity is inappropriate." *McCullough*, 559 F.3d at 1205; *Gonzalez*, 325 F.3d at 1234. To do so,

4

the plaintiff must demonstrate that: (1) the facts alleged, viewed in the light most favorable to the plaintiff, show that the officer violated a constitutional right, and (2) that constitutional right was clearly established. *Gonzalez*, 325 F.3d at 1234. Courts "need not conduct this qualified immunity analysis in any specific order; rather, [courts] are permitted to exercise [their] sound discretion in deciding which prong of this inquiry to address first." *Maughon*, 505 F. App'x at 821.

Plaintiffs do not dispute that Officer Johnson was acting within the scope of his discretionary authority; rather, they argue that "[q]ualified immunity does not shield an officer who violates clearly established constitutional rights." (Doc. 6). The burden, therefore, shifts to Plaintiffs to show that, when viewed in the light most favorable to them, the facts alleged plausibly demonstrate that (1) Officer Johnson violated their constitutional rights, and (2) those rights were clearly established at the time. *See Hinson v. Bias*, 927 F.3d 1103, 1116 (11th Cir. 2019) (citation modified).

Plaintiffs allege that Officer Johnson unlawfully stopped their vehicle, searched Shayla and Jayla Pratcher without a warrant, seized their "private trust-issued vehicle tag," and arrested Jackie Pratcher without probable cause in violation of the Fourth Amendment. (Doc. 6 at 3–4; Doc. 1 at 2–3). The Fourth Amendment protects against "unreasonable searches and seizures." U.S. CONST. amend. IV. A temporary detention of an automobile by law enforcement officers constitutes a "seizure" of "persons" and, therefore, must comply with the restraints of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809–10 (1996); *United States v. Braddy*, 11 F.4th 1298, 1308 (11th Cir. 2021). A traffic stop is thus "subject to the

constitutional imperative that it not be 'unreasonable' under the circumstances." *Whren*, 517 U.S. at 810.

An officer's decision to stop a vehicle is reasonable where the officer has probable cause to believe that a traffic violation has occurred. *Id.* Once an officer has made a valid stop for a traffic violation, the officer may then investigate "to address the traffic violation that warranted the stop and attend to related safety concerns." *Rodriguez v. United States*, 575 U.S. 348, 354 (2015) (citation modified). "It is well established that officers conducting a traffic stop may take such steps as are reasonably necessary to protect their personal safety. This includes conducting a protective search of the driver, the passengers, and the vehicle." *United States v. Purcell*, 236 F.3d 1274, 1277 (11th Cir. 2001) (citation modified). But "[t]o justify a patdown of the driver or a passenger during a traffic stop, . . . the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." *Arizona v. Johnson*, 555 U.S. 323, 327 (2009). "An arrest—the quintessential seizure of a person—occurs when the government applies physical force to seize a person or asserts lawful authority to which the subject accedes." *Richmond v. Badia*, 47 F.4th 1172, 1180 (11th Cir. 2022) (citation omitted).

"[I]n cases involving warrantless searches or seizures, law enforcement officers will be entitled to qualified immunity if they had even 'arguable probable cause.'" *Hardigree v. Lofton*, 992 F.3d 1216, 1225 (11th Cir. 2021) (citing *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1251 (11th Cir. 2013)); *Montoute v. Carr*, 114 F.3d 181, 184 (11th Cir. 1997). "Arguable probable cause" exists if "reasonable officers in the

same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed." *Swint v. City of Wadley*, 51 F.3d 988, 996 (11th Cir. 1995). Because only arguable probable cause is needed, "the inquiry is not whether probable cause actually existed, but instead whether an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed." *Montoute*, 114 F.3d at 184 (citation omitted). "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Hunter v. Bryant,* 502 U.S. 224, 227 (1991) (citation modified).

Here, Officer Johnson had actual probable cause to stop Plaintiffs' vehicle, issue the traffic citations to Jackie Pratcher, seize the "private trust-issued vehicle tag," and arrest Jackie Pratcher. To show why, the Court reviews the relevant Georgia driving statutes at issue and the allegations in Plaintiffs' complaint. Under O.C.G.A. § 40-2-8, any person owning or operating a vehicle on any public highway or street who has not registered the vehicle shall be guilty of a misdemeanor. Under O.C.G.A. § 40-6-15, "[a]ny person who knowingly drives a motor vehicle on any public road or highway of this state at a time when the vehicle registration of such vehicle is suspended, canceled, or revoked shall be guilty of a misdemeanor. And O.C.G.A. § 40-2-5 makes it unlawful to use, or possess for use, any license plate not issued for use on the vehicle. A person who violates this provision "shall be guilty of a misdemeanor of a high and aggravated nature and, upon conviction thereof, shall be punished by a fine of not less than $500.00 or by confinement for not more than 12 months, or both." O.C.G.A. § 40-2-5(b).

Plaintiffs' allegations, even when viewed in the light most favorable to them, show that Officer Johnson had actual probable cause to stop Plaintiffs' vehicle based on their driving with an improper license plate and a suspended registration because this conduct is a violation of Georgia law. *See Atterbury v. City of Miami Police Dep't*, 322 F. App'x 724, 729 (11th Cir. 2009) (the existence of actual probable cause bars recovery in an action alleging false arrest, false imprisonment and/or malicious prosecution under federal law). But even if Officer Johnson lacked actual probable cause, he certainly had arguable probable cause to stop the vehicle based on these violations. *See Gates v. Khokhar*, 884 F.3d 1290, 1300 (11th Cir. 2018) (the officer at least had arguable probable cause to arrest the plaintiff for violating Georgia's anti-mask statute). In their complaint, Plaintiffs admit they were driving a vehicle that was not registered in the Georgia Department of Revenue's commercial vehicle system. (Doc. 1 at 2). Given this admission, an officer in Officer Johnson's position would have had actual, or at the very least arguable, probable cause to believe Plaintiffs were violating the law at the time of the stop. And, for the same reasons, Officer Johnson had arguable probable cause to arrest Jackie Pratcher. *See Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 735 (11th Cir. 2010) ("If the arresting officer had arguable probable cause to arrest for any offense, qualified immunity will apply); *Guerra v. Rockdale Cnty., Ga.*, 420 F. Supp. 3d 1327, 1338 (N.D. Ga. 2019) ("Officers who make an arrest without probable cause are nonetheless entitled to qualified immunity if they had at least 'arguable probable cause for the arrest.'").

Because Jackie Pratcher failed to plausibly allege a violation under the Fourth

Amendment to overcome qualified immunity, the Court need not consider whether that constitutional right was clearly established. *Brooks v. Miller*, 78 F.4th 1267, 1279–80 (11th Cir. 2023) ("[S]ince a plaintiff must show both prongs to overcome qualified immunity, if the prong the court considers first is not satisfied, the court need not consider the other prong because the officer is entitled to qualified immunity, regardless.") (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)). Accordingly, Officer Johnson is entitled to qualified immunity on Plaintiffs' § 1983 claims arising from the alleged unlawful traffic stop, seizure of the "private trust-issued vehicle tag," and Jackie Pratcher's arrest. All of Jackie Pratcher's claims are, therefore, due to be dismissed.

As to the warrantless search of Shayla and Jayla Pratcher, however, Officer Johnson has not carried his burden to invoke the protection of qualified immunity at this stage. It is well-established that, to justify a search of a passenger during a traffic stop, "the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." *Johnson*, 555 U.S. at 327. In the complaint, Plaintiffs allege that Shayla and Jayla Pratcher "were also removed from the vehicle and subjected to warrantless searches," and no lawful basis existed to justify the searches. (Doc. 1 at 2). There are no facts alleged or available to the Court to find Officer Johnson had reasonable suspicion to search the vehicle's passengers, and therefore, Officer Johnson is not entitled to qualified immunity as to Shayla and Jayla Pratcher's § 1983 claim at this time. *See Meshal v. Comm'r, Ga. Dep't of Public Safety*, 117 F.4th 1273, 1288–89 (11th Cir. 2024) ("Because the existence of the

9

affirmative defense of qualified immunity does not clearly appear on the face of the complaint, the officers are not entitled to qualified immunity . . . .") (citation modified); *Malone v. Johnson*, 667 F. Supp. 3d 1257, 1270 (N.D. Ga. 2023) (finding the defendants were not entitled to qualified immunity at the motion to dismiss stage where the Court could not conclude from the allegations in the complaint that the defendants had either reasonable suspicion or probable cause to conduct a physical search of the plaintiff). Additionally, construing the facts in the light most favorable to Plaintiffs, the allegations of a warrantless search are sufficient to state a claim for a violation of the Fourth Amendment. *See Meshal v. Wright*, 651 F. Supp. 3d 1273, 1290 (S.D. Ga. 2022) (denying the officers' motion to dismiss where "the facts alleged in the Complaint do not support a finding of reasonable suspicion" to conduct a warrantless search).

## B.  Leave to Amend

Plaintiffs, who are proceeding *pro se*, did not seek leave to amend their complaint. But "[w]here it appears that a more carefully drafted complaint might state a claim, a *pro se* plaintiff must be given at least one opportunity to amend the complaint before the court dismisses the action with prejudice" unless amendment would be futile. *De Souza v. JPMorgan Chase Home Lending Div.*, 608 F. App'x 776, 781 (11th Cir. 2015) (citations omitted). Based on the allegations in the complaint, the Court has already determined that Officer Johnson had at least arguable probable cause to stop Plaintiffs' vehicle and arrest Jackie Pratcher based on the admitted traffic violations. No more careful pleading by Jackie Pratcher would avoid

10

this finding of probable cause, so any amendment by him would be futile. Thus, the Court finds that an opportunity to amend Jackie Pratcher's claims is not warranted.

CONCLUSION

For these reasons, Officer Johnson's Motion to Dismiss (Doc. 5) is **GRANTED IN PART and DENIED IN PART**. Because Officer Johnson is entitled to qualified immunity, Plaintiff Jackie Pratcher's claims are **DISMISSED** with prejudice, and the Clerk is respectfully **DIRECTED** to terminate Jackie Pratcher as a party to this action. The only claim that remains is Plaintiffs Shayla and Jayla Pratcher's § 1983 claim based on the alleged warrantless search. Officer Johnson's answer is due by **April 9, 2026**. The parties' Joint Preliminary Report and Discovery Plan is due by **May 11, 2026**.

SO ORDERED, this 26th day of March, 2026.

_____
TIFFANY R. JOHNSON
United States District Judge